

Anne Marie Esposito
Direct: 212-993-9366
Fax: 212-785-7229
Email: amesposito@conwayfarrell.com

**Via Electronic Filing**

April 10, 2025

Magistrate Judge Dunst
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014

RE:   Public Administrator of the County of Nassau v. County of Nassau, et al.
      Docket No.: 17-cv-5623

Dear Magistrate Judge Dunst:

We are counsel to Defendant the County of Nassau ("Defendant") in connection with the captioned matter. Pursuant to the Court's Order dated April 8, 2025, Defendant respectfully submits this letter in opposition to Plaintiff's letter motion filed on April 8, 2025 seeking (1) leave to amend the witness list to once again include Mr. Beilein as a witness and (2) to admit the Commission of Corrections report ("the COC Report") into evidence at the opening of trial [D.E. 107]. For the reasons stated herein, Defendant respectfully requests that the Court deny Plaintiff's letter motion in its entirety.

As an initial matter, Defendant objects to Plaintiff's request to have Mr. Beilein testify virtually—especially after the Court voiced its concerns with the technological issues of virtual testimony at the Pre-Trial Conference on March 10, 2025. Defendant is concerned that the flow of the trial will be interrupted, and that the technological difficulties will detract from the real issues in this case.

Furthermore, Plaintiff's claim that Mr. Beilein does not need to testify because the COC Report can automatically be admitted into evidence at the beginning of the trial is woefully mistaken. While the COC Report may be self-authenticating, the COC Report contains multiple layers of hearsay and the statements therein (1) should be excluded in its entirety or, in the alternative, (2) be redacted in accordance with Defendant's proposed redactions that were submitted to the Court on March 24, 2025. [D.E. 146].

It is well established that statements within a public record are considered "hearsay within hearsay" and cannot be admitted without a proper hearsay analysis. *See, e.g.*, *Abascal v. Fleckenstein*, 820 F.3d 561, 567 (2d Cir. 2016) (finding that inmate statements in the public record are inadmissible hearsay); *Labacz v. Rohr*, No. 19-cv-528 (DLI)(RML), 2023 U.S. Dist. LEXIS 169794, at *2 (E.D.N.Y. Sep. 23, 2023) ("[I]t is undisputed that, when the contents of a report are based on hearsay, the content requires its own exception in order to be deemed admissible."); *United*

Magistrate Judge Dunst
Page 2 of 2
April 10, 2025

*States v. Pass*, No. 13-CR-557, 2022 U.S. Dist. LEXIS 28292, at *10-11 (E.D.N.Y. Feb. 15, 2022) (finding that each level of the police report or public record must satisfy a hearsay exception).

The COC Report here was issued by the New York State Commission of Corrections, but the COC Report contains many statements by third parties, such as (1) individuals on the Medical Review Board and (2) unidentified persons who made statements during interviews with the Medical Review Board. The COC Report, therefore, cannot simply be "entered into evidence at the time of trial," as Plaintiff claims. Plaintiff will need to call (1) a witness from the Medical Review Board and (2) each witness who made statements to the Medical Review Board in order to admit the respective statements into evidence.

Furthermore, it is well established that legal conclusions within a public record are unlikely to be admissible. *See, e.g.*, *In re September 11 Litig.*, 621 F. Supp. 2d 131, 153 (S.D.N.Y. 2009). The Medical Review Board here makes certain conclusions about Armor's "failures," whether or not those alleged actions, inactions or "failures" "were contributory" to decedent's health condition, whether Armor's response was "timely" or "adequate," whether or not Armor was capable of "providing competent medical care" and other similar conclusions. Allowing the jury to hear the Medical Board's opinion on these issues would effectively usurp the jury's role at trial. *See, e.g.*, *Martinez v. City of New York*, No. 16-CV-79 (NRM) (CLP), 2022 WL 17090267, at *15 (E.D.N.Y. Nov. 18, 2022). It would be inappropriate and prejudicial for the jury to hear these conclusions.

Finally, if the Court finds any of the statements within the COC Report to be admissible, the Court must then perform the balancing test under Federal Rule of Evidence 403 and weigh the prejudicial impact against the probative value. *Davis v. City of N.Y.*, 959 F. Supp. 2d 427, 435 (S.D.N.Y. 2013) ("[S]hould the court find that a hearsay statement is admissible under an exception, it must still perform the balancing test applicable to all relevant evidence under Rule 403.") (internal quotation marks omitted). Defendant here has previously argued that it will be prejudiced if the Court allows (1) the inaccurate statements in the COC Report, (2) the Medical Review Board's negative conclusions based on a lack of documentary evidence and (3) the Medical Review Board's improper legal conclusions. [D.E. 146]. The prejudicial effect of admitting these statements into evidence outweighs any probative value and the Court should, therefore, exclude them from the evidence in this case.

Thank you for your consideration.

Respectfully submitted,

_____/s/_____
Anne Marie Esposito

cc:   Gerard Ryan, Counsel for Plaintiff (via ECF)